IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY ZAEE and JAY ZAEE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) CIV. ACT. NO. 1:14cv700-WKW-TFM<br>ABBEVILLE POLICE DEPARTMENT, )<br>*et al.*, )<br>)<br>Defendants. )<br>) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

On May 30, 2014 in the United States District Court for the Northern District of Florida, Plaintiffs Jimmy Zaee and Jay Zaee filed an Amended Complaint *pro se* against the City of Abbeville Police Department, Henry County Sheriff's Office, and Officer Drew Ruble, claiming that law enforcement officers violated their Fourth Amendment rights during a traffic stop and violated the Alabama Open Records Act.  Doc. No. 5. Plaintiffs seek an order for the Abbeville Police Department and Henry County Sheriff to produce audio-video recordings from the three patrol cars on the scene of the December 2014 stop.  *Id.*  Plaintiffs assert that, "[i]f these law enforcement officers have nothing to hide, then they should have no difficulty in providing . . . the recordings as requested under the Alabama State [Statute] and under the 4th Amendment of the Constitution" and that "[o]nly after that we might be able to bring applicable charges including the damages or injuries, punitive or monetary, before this Honorable Court."  Doc. No. 5-1, p. 10.

On July 21, 2014, the United States District Court for the Northern District of Florida transferred the case to this court. Doc. No. 8. On August 15, 2014, Plaintiffs filed a "Demand for Discovery" in which they request the court to order the City of Abbeville Police Department and Henry County Sheriff's Office to provide the names and addresses of the law enforcement officers involved in the traffic stop, the name of the "chain smoking passenger," and the audio-video recordings in the three patrol cars, including recordings of the hour before and hour after the event. Doc. No. 16. The court construed the demand as a "Motion for Order." *Id*. During a status conference before the undersigned on October 2, 2014, Plaintiffs asserted that they would not file a lawsuit against the defendants if they were provided the audio-video recordings and discovered no violations of the law. Doc. No. 27.

Defendants subsequently filed Motions to Dismiss, in which they argue the claims brought pursuant to 42 U.S.C. § 1983 are due to be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Doc. Nos. 29, 31 & 32. On October 15, 2014, the City of Abbeville Police Department and Officer Ruble provided the names and addresses of the law enforcement officers and the "chain-smoking" reserve police officer to Plaintiffs. Doc. No. 33. They also produced the recording of the traffic stop from Officer Ruble's vehicle and assert that there are no recordings of the hours before or after the stop. *Id*. In addition, they assert that Officer Joshua Moore's patrol car was not equipped with a car camera and therefore there are no recordings from his vehicle. *Id*.

On November 3, 2014, Plaintiffs filed Responses to the Defendants' Motions to Dismiss, in which they assert that their case is only "information-seeking and

investigative in nature" and that the defendants have incorrectly assumed that they have brought claims challenging the traffic stop and search under 42 U.S.C. § 1983. Doc. Nos. 35, 36 & 37. Plaintiffs maintain that they are pursuing this lawsuit under the Alabama Open Records Act. Doc. No. 35, p. 2; Doc. No. 36, pp. 2-3; Doc. No. 37, p. 4. Upon review of the Complaint, the court concludes that this case should be dismissed.

## II. DISCUSSION

In their Amended Complaint, the plaintiffs appear to assert claims against the defendants pursuant to 42 U.S.C. § 1983. Doc. No. 5. Nonetheless, during a status conference and in their Responses, the plaintiffs represent that they are not presently pursuing any federal constitutional claims against the defendants at this time. Doc. Nos. 27, 35, 36 & 37. This court is required to liberally construe the plaintiffs' pleadings. *See Hughes v. Rowe*, 449 U.S. 5 (1980). To the extent the Amended Complaint may be construed as asserting federal constitutional claims challenging the traffic stop and subsequent search of the plaintiffs' vehicle, the claims against the City of Abbeville Police Department and the Henry County Sheriff's Office are due to be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

The City of Abbeville Police Department and the Henry County Sheriff's Office are not legal entities subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding Jefferson County Sheriff's Department is not a legal entity subject to suit under § 1983, as department lacked capacity to be sued under Alabama law). *Cf. Faulkner v. Monroe County Sheriff's Department*, 523 Fed. Appx.

696 (11th Cir. 2013) (Under Florida law, a sheriff's office is not a legal entity with the capacity to be sued).  Therefore, to the extent the plaintiff's claims against the City of Abbeville Police Department and the Henry County Sheriff's Office may be construed as claims brought under § 1983, the claims against these defendants are due to be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Officer Ruble also moves to dismiss the claims against him pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that the Amended Complaint does not seek any relief against him.  In response, the plaintiffs assert that they seek relief from Officer Ruble, the City of Abbeville Police Department and the Henry County Sheriff's Office under the Alabama Open Records Act, 36-12-40 and 41-13-1, Ala. Code 1975.  Federal courts are of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994);  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding.  *Univ. of S. Ala. v. Am. Tobacco Co.*, 169 F.3d 405, 410 (11th Cir. 1999).

Fed. R. Civ. P. 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).  This obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the

jurisdictional issues and both parties are prepared to concede it. *Id*. "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." See 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

The plaintiffs maintain that their assertion that the defendants have violated the Alabama Open Records Act is the only claim before this court. A claim arising under the Alabama Open Records Act is an issue of state law. Thus, the court does not have federal jurisdiction over this matter. See 28 U.S.C. § 1331. Consequently, this case is due to be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. To the extent the Amended Complaint may be construed as asserting federal constitutional claims challenging the traffic stop and subsequent search of the plaintiffs and/or their vehicle, the Motions to Dismiss filed by the City of Abbeville Police Department and the Henry County Sheriff's Office are due to be GRANTED and the § 1983 claims against these defendants be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).   Doc. Nos. 29 & 31.

2. To the extent the plaintiffs assert claims against the defendants arising under the Alabama Open Records Act, the claims are due to be dismissed without prejudice pursuant to Fed.R.Civ.P. 12(h)(3).

3. To the extent Officer Ruble moves to dismiss the claims against him, the Motion to Dismiss is due to be GRANTED and the claims against this defendant are due to be dismissed without prejudice. Doc. No. 32.

4. This case be dismissed.

Finally, it is

ORDERED that the plaintiff shall file any objections to the said Recommendation on or before December 24, 2014. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of December, 2014.

                                          /s/Terry F. Moorer
                                   TERRY F. MOORER
                                   UNITED STATES MAGISTRATE JUDGE